IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEFFERY M. McMAHON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden MARTY ALLEN, *et al.*, | : | NO. 7:13-CV-40 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **JEFFERY M. McMAHON**, currently confined at Central State Prison, filed this 42 U.S.C. § 1983 lawsuit (Doc. 1). In compliance with the Court's prior Order (Doc. 5), Plaintiff has submitted a recast complaint (Doc. 6).

Although Plaintiff has not submitted an application for leave to proceed *in forma pauperis*, he has submitted two prison trust fund account statements (Docs. 2 & 10). Solely for purposes of the Court's dismissing this action, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

1

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the

plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

Plaintiff brings this action against Marty Allen, Warden of Valdosta State Prison ("VSP") where Plaintiff was previously confined, and Brian Owens, Commissioner of the Georgia Department of Corrections. Plaintiff alleges that Allen denied him a prison job because he is an "open black homosexual" and that Owens ordered his transfer from Georgia State Prison ("GSP") to VSP in retaliation for Plaintiff filing a grievance about a sexual assault. Plaintiff also complains that his life was in danger at VSP due to it being a "close" security prison, but he failed to specify any instances in which he was injured.

In its prior Order, this Court specifically instructed Plaintiff to explain how Owens was "personally involved" in Plaintiff's transfer. The Court also directed Plaintiff to provide a "chronology or time-line of specific events that support Plaintiff's contention that Allen and Owens violated his rights." Even after being afforded this opportunity to elaborate on his claims, Plaintiff has not stated a colorable claim against either of the Defendants.

Although Plaintiff has generally alleged discrimination, he has not stated any facts that support his contention that Allen's denial of a prison job to Plaintiff was based on his race and/or sexual orientation. To state a claim for a violation of the Equal Protection Clause, an inmate must allege that other similarly situated inmates received more favorable treatment and that the discriminatory treatment was based on some constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Plaintiff has not alleged such facts necessary to support

3

an equal protection claim.

As to Owens, Plaintiff merely alleges that he was transferred after he filed a grievance after being sexually assaulted at GSP. Plaintiff provides no relevant dates nor does he suggest that Owens was even aware that Plaintiff had filed a grievance at GSP. Plaintiff has thus failed to allege a colorable retaliation claim against Owens. *Smith v. Mosely*, 532 F.3d 1270, 1276 (11th Cir. 2008) (prisoner states retaliation claim by alleging that (1) his act was constitutionally protected; (2) the retaliatory conduct adversely affected the protected speech; and (3) there was a causal connection between the retaliatory actions and the adverse effect on speech).

Finally, Plaintiff's contention that his life was in danger at VSP is similarly insufficient to state a claim. Plaintiff does not allege that he suffered any injury and he is no longer confined at VSP.

## III.  CONCLUSION

Based on the foregoing, this action is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.1

**SO ORDERED**, this 24th day of JUNE, 2013.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

1 Plaintiff's pending motions for an extension of time to file a copy of his inmate account statement (Doc. 7) and appointment of counsel (Doc. 9) are **DENIED AS MOOT**.